IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| NEW MEXICO ORTHOPAEDIC ASSOCIATES, P.C., | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of Melissa Yalch's relationship or association with her young daughter, an individual with a disability, and to provide appropriate relief to Melissa Yalch ("Yalch"), who was adversely affected by such practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission alleges that New Mexico Orthopaedic Associates, P.C. ("Defendant") violated the ADA by terminating Melissa Yalch from a temporary assignment and failing to hire her for a full-time position because of Yalch's relationship or association with a child with disabilities and/or because of Yalch's relationship or association with her child, whom Defendants regarded as disabled.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

1

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant New Mexico Orthopaedic Associates, P.C., has been and is a New Mexico corporation.

5. At all relevant times, Defendant has continuously been doing business in the State of New Mexico, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. On September 3, 2013, more than thirty days prior to the institution of this lawsuit, Melissa Yalch filed a charge with the Commission alleging violations of the ADA by Defendant.

9. The EEOC provided Defendant with notice of the charge of discrimination.

10. EEOC investigated the charge of discrimination.

11. Based on evidence uncovered during the EEOC's investigation, EEOC issued a letter of determination to New Mexico Orthopaedic Associates, P.C., and finding reasonable cause to believe that Defendant had engaged in unlawful employment practices prohibited by the ADA.

12. The Commission's determination included an invitation for Defendant to join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

13. Defendant participated with EEOC in conciliation, during which process Defendant and EEOC communicated regarding the alleged unlawful employment practices and how to eliminate and remedy them.

14. The Commission and Defendant were unable to reach an agreement acceptable to the Commission through the conciliation process.

15. The Commission sent notice to Defendant that conciliation had failed.

16. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

17. Since at least August, 2013, Defendant has engaged in unlawful employment practices at its Albuquerque, New Mexico facility, in violation of Sections 102 (a) and (b) of the

ADA, 42 U.S.C. §§12112(a) and (b).

18. Melissa Yalch is associated with or has a relationship with a person, her young daughter, who has impairments that substantially limit major life activities. Yalch's daughter has multiple disabilities (Focal Segmental Glomerulosclerosis, hypertension, a compromised immune system, and chronic obstructive sleep apnea) within the meaning of Section 3 and 101 (8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), and as a result Yalch's daughter was at all relevant times substantially limited in major life activities, including but not limited to having a functionally comprised immune system and respiratory system, difficulty with eating and difficulty with sleeping.

19. And/or Melissa Yalch is associated with or has a relationship with a person, her young daughter, whom Defendant regarded as having a disability.

20. In June 2013, Excel Staffing hired Yalch and assigned her to a temporary staffing assignment as a Medical Assistant for Defendant.

21. Yalch's contract to work for Defendant as a Medical Assistant began on or about June 13, 2013 and was scheduled through at least on or about September 7, 2013.

22. At all relevant times, Yalch was qualified to perform her job as Medical Assistant.

23. On or about the time of her hire, Yalch notified supervisors of Defendant about her daughter's anticipated surgery related to her daughter's disabilities and of Yalch's need for time off to care for her daughter during and after the daughter's surgery.

24. Defendant was aware that Yalch's daughter had medical appointments scheduled in June, 2013 at the New Mexico Children's Kidney Center.

25. On about August 13, 2013, Yalch also informed Martha Searle, a supervisor with Defendant, that she carried her cell phone in case she received messages from her daughter's

4

school regarding her daughter's disabilities.

26. Later that day, on or about August 13, 2013, Supervisor Searle offered Yalch a full time position with Defendant.

27. Subsequently, Defendant requested pre-hiring information from Excel Staffing regarding Yalch.

28. Excel Staffing called Yalch to obtain her permission to release records to Defendant, and the Excel Staffing representative told Yalch that Defendant had expressed interest in hiring Yalch when her contract through Excel Staffing ended.

29. On or about August 28, 2013, Supervisor Searle told Yalch that the hiring process was moving forward for Yalch.

30. On or about August 29, 2013, both of Yalch's children were sick, including her daughter with disabilities. Yalch sent two of her supervisors, Sabrina Montoya and Lydia Campos, a text message and said that she would be out because her children were sick and required close monitoring.  Supervisor, Lydia Campos responded by text message "Ok thanks hope they get better."

31. Yalch was scheduled to work the morning, but not the afternoon, of August 30, 2013, and had scheduled a 3:00 p.m. medical appointment for herself in the same building as Defendant's office.

32. When Yalch arrived at work on August 30, 2013, she discovered the schedule for the day had changed and she was assigned to work in the morning and in the afternoon.

33. Yalch was able to reschedule her medical appointment from the afternoon of August 30, 2013 to her lunch break period.

34. At 12:37 p.m. on August 30, 2013, Supervisor Lydia Campos sent Yalch a text

5

message telling her not to return to work in the afternoon as the morning shift was her last shift. Campos' text also directed Yalch to return her "fob" (badge) to Excel and to contact Martha Searle directly if she had questions.

35. Yalch texted Defendant's Supervisor Searle and asked why she was fired, to which Searle responded by text message, "[l]ook Melissa you have a child whom is medically disabled you do not belong in the workplace or in my clinic at NMO! Go home stay with your daughter that's where you belong not here."

36. Yalch texted Supervisor Searle that she was counting on the job being permanent. Supervisor Searle responded by text message, "[s]orry Melissa but life isn't fair sometimes we have no room here for a disability and I will not accommodate to one nor will NMO have a good day."

37. That same day, on or about August 30, 2013, Supervisor Searle called Excel Staffing to advise that Yalch's assignment had ended.

38. Excel Staffing reports that it was not aware of any problems between Defendant and Yalch until after Defendant terminated Yalch.

39. Between September 3, 2013, and September 30, 2013, Defendant hired at least five (5) Medical Assistants.

40. Between October 2013 and June 2014, Defendant hired at least an additional thirteen (13) Medical Assistants.

# FIRST CLAIM FOR RELIEF

## [Disparate Treatment/ Termination Because of Association with a Person with Disabilities – 42 U.S.C. § 12112(a) and 12112(b)(4)]

41. The allegations contained in the foregoing paragraphs are hereby incorporated herein by reference.

42. Since at least August, 2013, Defendant violated Sections 102(a) and 102(b)(4) of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(4)), by excluding or otherwise denying equal jobs or benefits and terminating a qualified individual, Melissa Yalch, from her temporary work assignment at Defendant's medical facility because of the known disability of an individual with whom the qualified individual is known to have a relationship or association, her young daughter.

43. In the alternative, Defendant violated Sections 102(a) and 102(b)(4) of the ADA, 42U.S.C. §§ 12112(a) and12112(b)(4), by excluding or otherwise denying equal jobs or benefits and terminating a qualified individual, Melissa Yalch, from her temporary work assignment at Defendant's medical facility because Defendant regarded Yalch's young daughter as disabled and knew of Yalch's relationship or association to her daughter.

44. The effect of the practices complained of above in paragraphs 17-40 above has been to deprive Yalch of equal employment opportunities and otherwise adversely affect Yalch's status as an employee because of the known disability of an individual with whom Yalch was known to have relationship or association.

45. The effect of the practices complained of in paragraphs 17–40 has been to deprive Yalch of equal employment opportunities and otherwise adversely affect her status as an

employee and applicant for employment because of her child's disabilities.

46. The unlawful employment practices complained of in paragraphs 17–40 above were intentional.

47. The unlawful employment practices complained of in paragraphs 17-40 above were done with malice or with reckless indifference to the federally protected rights of Melissa Yalch.

48. The effects of the practices complained of in paragraphs 17–40 have been to inflict emotional pain, suffering, and inconvenience upon Melissa Yalch and deprive her of the financial and other benefits of working for Defendant.

## SECOND CLAIM FOR RELIEF

**[Disparate Treatment/ Failure to Hire Because of Association with a Person with Disabilities– 42 U.S.C. § 12112(a) and 12112(b)(4)]**

47. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

48. Since August, 2013 to present, Defendant engaged in unlawful employment practices, in violation of Sections 102(a) and 102(b)(4) the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(4), by excluding or otherwise denying equal jobs or benefits and refusing to hire a qualified individual, Melissa Yalch, for a fulltime permanent position at Defendant's medical facility because of the known disability of an individual with whom the qualified individual is known to have a relationship or association, her young daughter.

49. In the alternative, Defendant violated Sections 102(a) and 102(b)(4) of the ADA, 42 U.S.C. §§12112(a) and 12112(b)(4), by excluding or otherwise denying equal jobs or benefits

and refusing to hire a qualified individual, Melissa Yalch, for a fulltime permanent position at Defendant's medical facility because Defendant regarded Yalch's young daughter as disabled and knew of Yalch's relationship or association to her daughter.

50. The effect of the practices complained of above in paragraphs 17-40 above has been to deprive Yalch of equal employment opportunities and otherwise adversely affect Yalch's status as an employee or an applicant for employment because of the known disability of an individual with whom Yalch was known to have relationship or association.

51. The effect of the practices complained of in paragraphs 17–40 have been to deprive Yalch of equal employment opportunities and otherwise adversely affect her status as an employee and applicant for employment because of her child's disabilities.

52 The unlawful employment practices complained of in paragraphs 17–40 above were intentional.

53. The unlawful employment practices complained of in paragraphs 17-40 above were done with malice or with reckless indifference to the federally protected rights of Melissa Yalch.

54. The effects of the practices complained of in paragraphs 17–40 have been to inflict emotional pain, suffering, and inconvenience upon Melissa Yalch and deprive her of the financial and other benefits of working for Defendant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in disability discrimination against employees and/or applicants including, terminating employees

and/or refusing to hire applicants on the basis of association or relationship to persons with a disability or because the Defendant regards as disabled persons with whom employees or applicants have an association or relationship, and from engaging in any other employment practices that discriminate on the basis of disability.

      B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals who have a relationship or association with individuals with disabilities or who have a relationship or association with individuals who are regarded as disabled, and which eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant to make whole Melissa Yalch by providing appropriate back pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, and/or rightful-place hiring, and/or front pay.

      D.     Order Defendant to make whole Melissa Yalch by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses in amounts to be determined at trial.

      E.     Order Defendant to make whole Melissa Yalch by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant to pay Melissa Yalch punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                        Respectfully submitted,

                        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                        P. David Lopez
                        General Counsel

                        Gwendolyn Young Reams
                        Associate General Counsel

                        Mary Jo O'Neill
                        Regional Attorney
                        Phoenix District Office
                        3300 North Central Avenue, Suite 690
                        Phoenix, AZ 85012

                        Rita Kittle
                        Supervisory Trial Attorney
                        303 East 17th Avenue, Suite 410
                        Denver, CO 80203

                        *s/s Loretta Medina*
                        Loretta Medina
                        Senior Trial Attorney
                        505 Marquette Avenue NW, Suite 900
                        Albuquerque, NM 87102
                        (505) 248-5230
                        Loretta.Medina@eeoc.gov