IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                              CIVIL NO. 1:15-cv-00557 MV/KBM

NEW MEXICO ORTHOPAEDIC
ASSOCIATES, P.C.,

        Defendant.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on December 14, 2015 at 10:00 a.m. and was attended by:

Loretta Medina, Senior Trial Attorney, EEOC for Plaintiff(s), and

Keleher & McLeod, P.A. (S. Charles Archuleta, Esq.) for Defendant(s).

**NATURE OF THE CASE**

This is an action under Title 1 of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title 1 of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of Melissa Yalch's relationship or association with her young daughter, an individual with a disability. As alleged with greater particularity in the Complaint (Doc. 1), the EEOC alleges that Defendant New Mexico Orthopaedic Associates, P.C. violated the ADA by terminating Melissa Yalch from a temporary assignment as a Medical Assistant and by denying her employment in a full-time position because of Yalch's relationship or association with her young daughter who has disabilities and/or because of Yalch's relationship or association with her child, whom Defendant regarded as disabled.

Defendant denies the allegations and damages sought in this action.

Defendant denies these allegations and asserts its affirmative defenses listed in its Answer filed in this case.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

<u>Plaintiff intends to file</u>:  Plaintiff will review potential amendments, and if necessary, Plaintiff(s) should be allowed until <u>January 20, 2016</u> to move to amend the pleadings and until <u>January 20, 2016</u> to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

<u>Defendant intends to file</u>:

Defendants are reviewing potential amendments and will file an amended answer by January 29, 2016.  Defendants(s) should be allowed until <u>January 29, 2016</u> to move to amend the pleadings and until <u>January 29, 2016</u>   to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The Parties stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate to the following facts:

1. Plaintiff, the Equal Employment Opportunity Commission ("Commission" or "EEOC") , is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring an action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2. At all relevant times, Defendant New Mexico Orthopaedic Associates, P.C. ("NMOA") has been a New Mexico corporation and has continuously been doing business in the State of New Mexico.

3. On September 3, 2013, Melissa Yalch filed a charge with the Commission alleging violations of the ADA by Defendant NMOA.

4. EEOC provided Defendant NMOA with notice of the charge of discrimination filed by Melissa Yalch.

5. Defendant NMOA admits the Commission issued a reasonable cause determination letter on or about January 16, 2015.

6. Defendant NMOA admits that the Commission's January 16, 2015 determination letter includes the language "the Commission invites the parties to join with it in reaching a just resolution of this matter."

7. Defendant NMOA and the Commission were unable to reach an agreement acceptable to the Commission.

8. The Commission sent notice to Defendant that conciliation had failed.

9. On or about June, 2013, Excel Staffing hired Melissa Yalch and assigned her to a temporary staffing assignment as a Medical Assistant for Defendant.

10. Between October, 2013 and June, 2014, Defendant hired at least an additional thirteen (13) Medical Assistants.

The parties further stipulate and agree that the law governing this case is Title 1 of the Americans with Disabilities Act of 1990, as amended and Title 1 of the Civil Rights Act of 1991.

## **PLAINTIFF'S CONTENTIONS:**

Melissa Yalch was hired by Excel Staffing in June, 2013 and assigned to work at Defendant's medical facility in Albuquerque, New Mexico. During Yalch's assignment at Defendant's medical facility, Defendant, NMOA became aware that Yalch had a young daughter with disabilities. At all relevant times, Yalch's daughter had Focal Segmental Glomerulosclerosis, hypertension, a compromised immune system, and chronic obstructive sleep apnea. Alternatively, Defendant regarded Yalch's daughter as disabled due to her medical conditions.

Ms. Yalch's supervisors at NMOA were Martha Searle, Lidia Campos and Sabrina Montoya. When Ms. Yalch first began working for Defendant, she informed supervisors Campos and Montoya of her daughter's disabilities and her need for time-off for surgery and medical treatment for her daughter. During Ms. Yalch's employment at NMOA she provided all of her NMOA supervisors, including Martha Searle, information about her daughter's disabilities. Ms. Yalch was known by NMOA to have a relative with disabilities.

Ms. Yalch was qualified to perform and was performing as a Medical Assistant at NMOA. Ms. Yalch did a good job while working at NMOA. In fact, NMOA's supervisors spoke to Yalch about their desire to hire her for a fulltime permanent position when Yalch's contract through Excel expired in September, 2013.

On August 29, 2013, Yalch called in absent from work because both her children were sick, including her daughter with disabilities. On August 30, 2013, Yalch reported for duty at NMOA and notified her supervisors of her own medical appointment later that afternoon. While Yalch was still at her medical appointment in the same medical facility where NMOA was located, she received a text message from a NMOA supervisor advising her not to return to work in the afternoon as she had worked her last shift for NMOA. The NMOA supervisor's text

advised Yalch to call Martha Searle if she had questions. That same afternoon, Yalch sent a text message to Martha Searle asking why she was fired. Supervisor Searle responded by text message, "[l]ook Melissa you have a child whom is medically disabled you do not belong in the workplace or in my clinic at NMO! Go home stay with your daughter that's where you belong not here." After Yalch expressed that she was counting on the job being permanent, Supervisor Searle responded, "[s]orry Melissa but life isn't fair sometimes we have no room here for a disability and I will not accommodate to one nor will NMO have a good day." In the days and months that followed Yalch's termination and denial of hire, NMOA hired at least 18 Medical Assistants for its Albuquerque facility.

EEOC claims that Defendant NMOA was Ms. Yalch's employer. NMOA exercised control over Ms. Yalch's work and made employment decisions regarding Ms. Yalch.

EEOC claims that Defendant violated the ADA by discharging Ms. Yalch from her temporary work assignment at Defendant's medical facility because of her relationship or association with her daughter who had a known disability or alternatively, because Defendant regarded Yalch's daughter as disabled.

EEOC also claims that Defendant violated the ADA by denying employment opportunity to Ms. Yalch and denying her an available fulltime permanent position at Defendant's medical facility because of her relationship or association with her daughter who had a known disability or alternatively, because Defendant regarded Yalch's daughter as disabled.

EEOC seeks appropriate relief for Ms. Yalch, including back pay with prejudgment interest, reinstatement or rightful-place hiring, and or front pay, and compensatory and punitive damages.

EEOC also seeks injunctive relief; institution of policies, practices, and programs to provided equal employment opportunities for qualified individuals who have a relationship or

5

association with individuals with disabilities or with individuals who are regarded as disabled; any other affirmative relief necessary to address the alleged disability discrimination; and recovery of EEOC's costs.

## **DEFENDANT'S CONTENTIONS**

Defendant denies all allegations of any and every unlawful employment practice alleged in the Complaint under Title I of the Americans with Disabilities Act or otherwise. Defendant denies liability and denies that Defendant or Charging Party was damaged or is entitled to any damages from Defendant, including, but not limited to, any injunctive relief, back pay, past and future pecuniary losses, non-pecuniary losses, emotional distress and related damages, prejudgment interest, punitive damages, fees or costs and any other relief. Defendant contends the action should be dismissed with prejudice and that it be awarded fees and costs of defense.

Ms. Yalch was not employed by New Mexico Orthopaedic Associates. Yalch was employed by Excel Staffing, a "temp agency" which specializes in finding temporary and permanent work assignments for its employees in places of business such as NMOA. On June 10, 2013, Yalch was placed by Excel Staffing on a temporary assignment as a Medical Assistant Floater. During her assignment at NMOA Yalch served as a primary assistant to physicians and Medical Assistants. The job requires regular and reliable attendance and demonstrated willingness to follow clinical protocols and treating physician expectations. Ms. Yalch did not do so. Yalch was considered an employee of Excel Staffing at all times during her assignment with NMOA.

Her assignment was for ninety (90) days. Although NMOA could end an assignment at any time, NMOA did not have the authority to fire or terminate Yalch's employment with Excel Staffing.

NMOA's decision not to hire Yalch as a full time permanent employee was in no way based upon an alleged associated with an individual with a disability or other unlawful criteria. NMOA takes the position that Ms. Yalch has not and will not meet the elements to demonstrate a *prima facie* case.  Further, any employment decision attributed to NMOA is based on legitimate non-discriminatory reasons, associated with evaluation of Ms. Yalch's performance during her assignment by the Excel Staffing Agency.  NMOA strongly disputes the alleged "emails" and other allegations of any causal relation between the decision to terminate and any "disability relationship" relevant to a Title I claim.  Further, NMOA at this time maintains Plaintiff has not demonstrated whether a "disability" relationship was present with Ms. Yalch's child.

NMOA maintains and follows policies and procedures prohibiting discrimination in hiring, as well as in other employment decisions.  Thus, even assuming if the EEOC might show *arguendo* a factual question as to whether any particular employee failed to follow its policies, practices and procedures, NMOA did not approve or ratify any such decision, and the Complaint should be dismissed.

NMOA contends no injunctive relief is warranted, based on its policies, practices, procedures and that no active employee can be demonstrated to not follow its strong prohibitions against discrimination, including under the ADA.

Finally, NMOA contends no damages of any kind are warranted and that, instead, NMOA should be awarded its fees and costs of defense, and incorporates its affirmative defenses set forth in its answer.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Witnesses who may testify or be deposed by Plaintiff:

Melissa Yalch
1820 Barcelona Road SW
Albuquerque, New Mexico 87105

  Ms. Yalch may be contacted through EEOC Counsel.  Ms. Yalch may testify about her employment with Defendant, including but not limited to, her qualifications for employment, the offer to hire her fulltime and her discharge. Ms. Yalch may also testify as to her daughter's disabilities, her communications with Defendant's supervisors and her damages.

Martha Searle
252 Landing Trail NE
Rio Rancho, New Mexico 87124
(505) 206-7509

  Ms. Searle, the former Clinic Supervisor for Defendant, will be deposed regarding Defendant's employment of Melissa Yalch, including but not limited to Yalch's qualifications for employment, the offer to hire her fulltime, and her discharge. Ms. Searle will testify or be deposed as to Defendant's policies and practices, Searle's communications with Melissa Yalch, Defendant's knowledge of Yalch's daughter and her disabilities, Defendant's hiring of Medical Assistants in 2013-2014, and other relevant matters.

Lidia Campos
1656 Bosque Vista Loop NW
Los Lunas, New Mexico 87031
(505) 724-4337

Ms. Campos, a current or former Medical Assistant Lead/Supervisor of Defendant will testify or be deposed regarding Melissa Yalch's employment at Defendant's facility, including but not limited to, her qualifications for employment, her good performance, her schedule, Defendant's desire to hire her full-time, and her discharge. Ms. Campos will also testify as to all her communications with Melissa Yalch, Defendant's knowledge of Yalch's daughter and her disabilities, Defendant's hiring of Medical Assistants in 2013-2014, and other relevant matters.

Sabrina M. Montoya
4984 Butte Place NW
Albuquerque, New Mexico 87120
(505)224-8244

Ms. Montoya, a current or former Medical Assistant Lead/Supervisor of Defendant will testify or be deposed regarding Melissa Yalch's employment at Defendant's facility, including but not limited to, her qualifications for employment, her good performance, her schedule, Defendant's desire to hire her full-time, and her discharge. Ms. Montoya will also testify as to her communications with Melissa Yalch, Defendant's knowledge of Yalch's daughter and her disabilities, Defendant's hiring of Medical Assistants in 2013-2014, and other relevant matters.

Excel Staffing Representative Shannon Cardillo or other appropriate Excel Staffing Designee
1700 Louisiana Blvd. NE, Suite 210,
Albuquerque, New Mexico 87110.
(505) 262-1871

It is anticipated that an Excel Staffing representative may testify or be deposed regarding Melissa Yalch's placement with Defendant, Yalch's qualifications for placement, Defendant's stated interest in hiring for a permanent position once the contract with Excel expired, all communications between Excel and Defendant regarding Yalch, and other relevant matters.

Treating Physician(s) for Melissa Yalch's young daughter, including but not limited to healthcare providers from New Mexico Children's Kidney Center
700 Lomas Blvd. NE, Three Woodward Center,
Albuquerque, New Mexico 87102
(505) 842-5240.

If Defendant disputes that Yalch associated with an individual with a disability, i.e. her daughter, EEOC may seek testimony from one or more treating physicians of Yalch's daughter to rebut Defendant's claims.

30(b) (6) designee
Albuquerque, New Mexico

It is anticipated that EEOC will seek a 30(b) (6) designee on matters of Defendant's human resources policies and procedures, discrimination policies and procedures, number of Defendant's employees, Defendant's defenses, financial condition of the Defendant, and other relevant matters.

Plaintiff may designate other witnesses or deponents after some initial discovery including but not limited to other current or former employees of Defendant, individuals whom Defendant hired as Medical Assistants after discharging and/or refusing to hire Ms. Yalch, witnesses who may be identified by Defendant, and witnesses who may be identified in discovery.

<u>Witnesses who may testify or be deposed by Defendant:</u>

1. Melissa Yalch, 1820 Barcelona Road SW, Albuquerque, New Mexico, 87105: to testify or be deposed regarding all claims, allegations, alleged damages, defenses, and all other issues necessary to case defense and relevant matters.

2. Martha Searle, 252 Landing Trail NE, Rio Rancho, New Mexico, 87125, c/o Keleher & McLeod, P.A.: to testify or be deposed regarding Plaintiff's claims and

allegations, communications, defenses and all other issues necessary to case defense and relevant matters.

3. Sabrina Montoya, 4984 Butte Place NW, Albuquerque, New Mexico, 87120, c/o Keleher & McLeod, P.A.:  to testify or be deposed regarding Plaintiff's claims and allegations, communications, defenses and all other issues necessary to case defense and relevant matters.

4. Lydia Campos, 1656 Bosque Vista Loop NW, Los Lunas, New Mexico, 87031, c/o Keleher & McLeod, P.A.:  to testify or be deposed regarding Plaintiff's claims and allegations, communications, defenses and all other issues necessary to case defense and relevant matters.

5. Excel Staffing Representative, Excel Staffing, 1700 Louisiana Blvd. NE, Suite 210, Albuquerque, New Mexico, 87110:  to testify or be deposed regarding employment, placement issues, communications, Excel policies, procedures, and all other issues relevant to case defense.

6. One or more NMOA Corporate Representatives, NMOA, 201 Cedar SE, Suite 6600, Albuquerque, New Mexico, 87106, c/o Keleher & McLeod, P.A.:  to testify or be deposed regarding NMOA policies, practices and procedures, as well as temporary staffing and all other issues relevant to case defense.

7. Any witness identified by Plaintiff or during discovery.

8. Rebuttal witness(es).

9. Defendant reserves its right to name additional witnesses.

<u>Documents Which May Be Exhibits Offered by Plaintiff at Trial:</u>

1. Personnel files and employment records kept by Defendant and/or Excel Staffing relating to Melissa Yalch.

2. Text Messages between Defendant's Supervisors and Melissa Yalch.

3. Payroll records for Melissa Yalch.

4. W-2s or other interim earnings records of Melissa Yalch.

5. Defendant's policies and procedures relating to discrimination.

6. Defendant's Position Statements and Responses to EEOC during EEOC Investigation.

7. Other documents identified in discovery.

<u>Documents Which May Be Exhibits Offered by Defendant at Trial:</u>

Defendant identifies the following documents as those which it may introduce into evidence in this matter:

1. Files and information kept by Defendant relating to Melissa Yalch.

2. Personnel files and information on Melissa Yalch kept by Excel Staffing.

3. Defendant's policies and procedures relating to discrimination.

4. Relevant Defendant's policies, procedures and communications, including those regarding hiring, employee information on non-discrimination.

5. Relevant Excel Staffing policies, agreements and communications with Defendant.

6. Relevant portions of EEOC files.  (This is not an admission that the investigation materials identified by EEOC are admissible as evidence in this matter).

7. Phone and text records for Melissa Yalch.

8. Any documents listed by Plaintiff above.

9. Any documents listed by Plaintiff at any time permitted or identified by Plaintiff in its initial disclosures or discovery;

10. Any documents identified through discovery;

11. Any documents produced by any party, third party or subpoenaed in the course of this litigation.

12. Documents for rebuttal as determined.

13. Defendant reserves the right to supplement this list of documents as discovery proceeds;

Experts:

Plaintiff:  Plaintiff does not anticipate the use of an expert in this case, unless Defendant challenges the disabilities of Yalch's daughter, in which case the EEOC may tender testimony on the daughter's disabilities from treating physician(s). Plaintiff may use rebuttal experts as necessary and appropriate.

Defendant:

Defendant has not determined experts, but anticipates it may present expert testimony on the following subjects including, but not limited to:

1. The electronic messages at issue.

2. Whether Ms. Yalch is associated with a disabled person.

Discovery will be needed on the following subjects:

Discovery will be needed by Plaintiff on statements made by Defendant's supervisors to Ms. Yalch, the reasons for Yalch's discharge, the Defendant's reasons for denying Yalch employment in a full-time position, Yalch's employment and job performance at Defendant's facility, Defendant's employment actions toward Yalch, Defendant's policies and practices, Defendant's defenses, Defendant's number of employees, and Defendant's financial condition.

Defendant intends to obtain the following discovery:  written discovery, including interrogatories, requests for admissions and requests for production of documents; depositions of Plaintiff and its witnesses, and any other discovery allowed under the Federal Rules of Civil Procedure.  Defendant anticipates conducting discovery on the following issues:

1. Plaintiffs' and Ms. Yalch's allegations.

2. Damages claimed.

3. All issues related to any affirmative defenses.

4. Issues regarding all matters not set forth above but otherwise raised in Plaintiff's complaint and Defendant's answer.

Maximum of <u>30</u> interrogatories by each party to any other party.  (Responses due 33 days after service).

Maximum of <u>35</u> requests for admission by each party to any other party, exclusive of requests to authenticate documents which may be unlimited.  (Response due 33 days after service).

Maximum of <u>30</u> requests for production by each party to any other party. (Response due 33 days after service).

Maximum of 10 depositions by Plaintiff and 10 by Defendant.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties or order of the Court.

Reports from retained experts under Rule 26(a)(2) due:

   from Plaintiff by March 1, 2016

   from Defendant(s) by April 1 2016

   Plaintiff's Rebuttal Experts by May 2, 2016

If Defendant intends to dispute that Yalch's daughter is a person with disabilities, Defendant will provide written notice to Plaintiff no later than February15, 2016, if Defendants have sufficient information by that date to make that disclosure.

Supplementation under Rule 26(e) due within 20 days after learning of need for supplementation. *(set time(s) or interval(s)).*

14

All discovery commenced in time to be complete by June 6, 2016.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## **PRETRIAL MOTIONS**

Plaintiff intends to file: Motions Related to Defenses, Motions to Compel, as necessary, Motions for Partial Summary Judgment, and other pre-trial motions deemed necessary.

Defendant intends to file: Motions Related to Allegations and/or Defenses, Motions to Compel, as necessary, Motions for Summary Judgment, and other pre-trial motions deemed necessary.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 6 days            .

____ This is a non-jury case.

  X   This is a jury case.

The parties request a pretrial conference in August, 2016               .

## **SETTLEMENT**

The possibility of settlement in this case is considered unknown at this time.  The parties request a settlement conference in     May, 2016    .

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

                        APPROVED WITHOUT EXCEPTIONS
                              (note exceptions above)

                              Mary Jo O'Neill
                              Regional Attorney
                              Phoenix District Office

        Rita Byrnes Kittle
        Supervisory Trial Attorney
        Denver Field Office

        */s/ Loretta Medina*
        Loretta Medina
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Albuquerque Area Office
        505 Marquette N.W., Suite 900
        Albuquerque, New Mexico 87102
        (505) 248-5230
        loretta.medina @eeoc.gov

        *For Plaintiff*


        KELEHER & McLEOD, P.A.

        */s/ Charles Archuleta*
        S. Charles Archuleta
        Keleher & McLeod PA
        P.O. Box AA
        Albuquerque, New Mexico 87103-1626
        (505) 346-4646
        sca@keleher-law.com

        *For Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2015 I filed the foregoing using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

S. Charles Archuleta
Keleher & McLeod PA
201 Third St. N.W., Suite 1200
Albuquerque, New Mexico 87102-3382
PO Box AA, 87103-1626
(505) 346-1370
sca@keleher-law.com

                *s/s Loretta Medina*
                Loretta Medina
                Senior Trial Attorney
                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                Albuquerque Area Office
                505 Marquette Avenue, NW
                Suite 900 - 9th Floor
                Albuquerque, NM 87102
                Telephone: (505) 248-5230
                E-Mail: loretta.medina@eeoc.gov

                Attorneys for Plaintiff EEOC

4822-7747-7676, v. 3