IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 1:15-cv-00557-MV-KBM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                   Plaintiff,

v.

NEW MEXICO ORTHOPAEDIC ASSOCIATES, P.C.

                                   Defendant.

---

## CONSENT DECREE

---

### I. RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, New Mexico Orthopaedic Associates, P.C. violated Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") by terminating Melissa Yalch (now Melissa Valencia) from a temporary work assignment and failing to hire her for a full-time position because of Yalch's relationship or association with a child with disabilities and/or because of Yalch's relationship or association with her child, whom Defendant regarded as disabled.

**2.**     The Parties signatory hereto are the Plaintiff EEOC and the Defendant New Mexico Orthopaedic Associates, P.C.

1

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### II. JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

7.      **Term:**  The duration of this Decree shall be two (2) years from the date of signing by the Court.

8.      **Scope:** The terms of this Decree shall apply to all New Mexico Orthopaedic Associates, P. C. medical facilities operated by Defendant in New Mexico.

### IV. ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful

employment practices under the ADA that arise from Charge of Discrimination

Number 543-2013-01214, filed by Melissa Yalch.

**10.**     Defendant and its officers, agents, employees, successors, and all other

persons in active concert or participation with any of them will not interfere with the

relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

**11.**     Defendant shall pay the amount of $165,000.00. This amount shall be payable

to Melissa Valencia as specified in Paragraph 13 below.

**12.**     Defendant will not condition the receipt of individual relief upon Melissa Yalch

Valencia's agreement to: (a) maintain as confidential the terms of this Decree or the

facts of the case; (b) waive her statutory right to file a charge with any federal or state

anti-discrimination agency; or (c) promise not to reapply for a position at any New

Mexico Orthopaedic Associates, P. C. facility.

**13.**     To resolve these claims, Defendant shall pay a total of $165,000.00 to Melissa

Valencia, allocated as follows:  (a) back pay in the amount of $40,000.00 and (b) non-

pecuniary compensatory damages in the amount of $125.000.00.  Payments

designated "back pay" shall be reported on IRS Form W-2. Defendant shall be

responsible for paying its share of payroll taxes for "back pay" and in accordance with

either a newly submitted W-4 or the most recent W-4 on file with Defendant,

withholding applicable payroll taxes owed by the payee. Otherwise, payments to

Melissa Valencia shall be for "non-pecuniary compensatory damages" only. Payments

designated as "non-pecuniary compensatory damages"  include  compensatory

damages allowed by the Civil Rights Act of 1991, 42 U.S.C. §1981a, for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other such losses, and these "non-pecuniary compensatory damages" shall be reported on IRS Form 1099 by Defendant and shall not be subject to withholdings.

14.     The payments required under this Decree shall be mailed to the payee within twenty (20) days after the Court's entry of the Consent Decree and mailed to the payee's address provided by the EEOC.

15.     Within three (3) business days after payments are mailed to payee, Defendant's Counsel shall submit to EEOC a copy of the checks issued.

## VI. OTHER INDIVIDUAL RELIEF

16.     To the extent necessary, Defendant shall expunge from Melissa Yalch Valencia's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to Melissa Yalch Valencia's participation in this action.

17.     Defendant shall ensure that all of Defendant's records reflect that Melissa Yalch Valencia voluntarily resigned from her placement from an agency on August 30, 2013.

18.     Within ten (10) days after entry of this Decree, Defendant shall provide a letter of reference on company letterhead in the form attached as Exhibit A.

19.     If contacted for references, Defendant agrees to state that Ms. Yalch Valencia is eligible for re-hire. This provision shall apply for the duration of the time that Ms. Yalch Valencia uses Defendant as an employment reference.

4

## VII. EQUITABLE RELIEF

### A.   *Injunctive Relief*

**20.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates based on an individual's disability, and/or an individual's relationship or association with an individual with a disability, and/or an individual's relationship or association with an individual whom the Defendant regards as disabled.

**21.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall

Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.     Anti-discrimination Policy**

22.     Defendant shall adopt and/or maintain a policy proscribing discrimination based on an individual's disability and/or because of an individual's  relationship or association with an individual with a disability and/or because of an individual's relationship or association with an individual who is regarded as disabled, and proscribing retaliation against any employee who complains about discrimination, requests disability accommodation, or files a charge of discrimination ("Anti-Discrimination Policy").  The Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations. Defendant shall post and keep posted for the duration of this Decree, in each of its facilities in a conspicuous place frequented by employees, a copy of the Anti-Discrimination Policy. Within thirty (30) days of the Court's entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees, and will provide the policy to newly-hired employees within ten (10) days of their hire.  Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

6

## C.   Policy Regarding Complaints of Discrimination

**23.**    Defendant shall adopt and maintain a policy encouraging employees to report any conduct believed to be discriminatory, and that such reports of alleged discriminatory conduct will be subjected to a full and fair investigation. Defendant agrees to maintain a twenty-four-hour contact line for reporting discrimination, and will identify a specific agent or hierarchy of agents who are to receive, document, and investigate complaints—both oral and written complaints. The mechanism for reporting discrimination shall be set forth in the aforementioned Anti-Discrimination Policy posted and distributed by Defendant. The method by which employees shall report discrimination shall be set forth in the Anti-Discrimination Policy to include explicit instructions for making such reports.

**24.**    Defendant shall promptly, reasonably, and appropriately investigate all complaints of discrimination. The investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; and, (e) a review of all documents which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and, (g) contemporaneous notes of all corrective and remedial measures where discrimination is found. Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination as appropriate.

25.    Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents instead must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendant's Anti-Discrimination Policy will be retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file indefinitely.

**D.    Training**

26.    Each year of this Decree, Defendant shall provide EEO training for all its employees, according to the terms specified below. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment, including disability discrimination and discrimination against individuals because of association or relationship to individuals with disabilities or association or relationship to individuals regarded as disabled; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (d) Defendant's procedures for handling disability accommodation requests.  All training under this Paragraph 26 shall be at Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

26.1   **Non-managerial Employees:**  Defendant will provide non-managerial employees at least one training session each year of this Decree at its central

8

location. Each training session for non-managerial employees shall be at least one (1) hour in duration. Each training session will provide an overview of the anti-discrimination laws enforced by EEOC and anti-retaliation provisions in those laws.   Attendance will be mandatory for every employee on the days of such training. This annual training session will include a focus on disability discrimination, including prohibitions on discrimination because of an individual's relationship or association with an individual with a disability or their relationship or association with an individual who is regarded as disabled.  Additionally, any individual who is charged with conducting training under this Paragraph must first be trained under Paragraph 26.4 below.

**26.2   Managerial and Supervisory Employees**:  Defendant will require all individuals who work in a managerial or supervisory capacity to receive at least three (3) hours of training annually during the first year and two (2) hours of training during the second year of this Decree regarding the Americans with Disabilities Act of 1990, as amended ("ADA") and other federal anti-discrimination laws.  Two (2) of the three (3) hours must directly address disability discrimination, and one (1) of the three (3) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. In the second year of the Decree, Defendant shall assure that at least (1) hour of the training addresses these two topics.  Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly

vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite one (1) hour of complaint-handling training and two (2) hours of ADA-related training within thirty (30) days of being hired or promoted into a managerial or supervisory position.  The training under this Paragraph 26.2 must be prepared, reviewed and coordinated by outside vendors.

**26.3   Human Resource Employees:**  Defendant will require all individuals who work in a human resource capacity to receive at least six (6) hours of training the first year, and three (3) hours the second  year, regarding the ADA and other federal anti-discrimination laws.  Two (2) of the six (6) hours must directly address disability discrimination, including discrimination due to a relationship or association with a person with disabilities or with a person regarded as disabled, and at least two (2) hours of the six (6) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. In the second year of the Decree, Defendant shall

assure that at least (2) hours of the Human Resources training addresses these two topics. Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete two (2) hours of general EEO training, including training on the ADA, within thirty (30) days of being hired or promoted into a human resource position.  The training under this Paragraph 26.3 must be provided by outside vendors.

**26.4   Train the Trainers:**  Any manager or human-resources employee with responsibility for training other employees under Paragraph 26.1 above will be provided two (2) additional hours of training on the materials to be presented and the proper techniques for teaching the materials and one (1) additional hour of training for the second year. If the training under this Paragraph 26.4 is provided by anyone other than the Human Resource Manager employed by Defendant at the time of execution of this Decree, the training must be provided by a trainer approved by the EEOC.

**26.5   Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination shall be provided two (2) additional hours of annual training the first year and one and one-half (1.5) hours the second year, instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.

The training under this Paragraph 26.5 must be provided by outside vendors.

27.     Defendant agrees that the first such training session for each employee group identified in Paragraph 26 above will take place within ninety (90) days after the Court's entry of this Decree.  Defendant agrees that all of its personnel shall both register and attend the training sessions.

28.     The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### E.     Notice Posting

29.     Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its facilities in New Mexico, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit B.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**F.**    ***Individuals Ineligible for Rehire***

**30.**    Defendant agrees that it shall never rehire Martha Searle at any of Defendant's facilities in the United States.  If Defendant maintains any computerized personnel file for Martha Searle, such computerized file must also be annotated to reflect that she is not eligible for rehire.

**G.**    ***EEO Compliance as a Component of Management Evaluation***

**31.**    Defendant shall, within ninety (90) days of the entry of this Consent Decree and at least continuously for the duration of this Decree, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees, including but not limited to all managers, lead workers, assistant managers, and district or regional managers responsible for New Mexico Orthopaedic Associates, P.C. facilities in New Mexico.  Defendant shall also, within sixty (60) days of the Court's entry of this Decree and at least continuously for the duration of this Decree, advise Defendant's managerial officials that the amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

## VIII. Record Keeping and Reporting Provisions

32.    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

    **32.1**   Applications;

    **32.2**   Personnel files;

    **32.3**   Payroll records;

    **32.4**   Job Postings;

    **32.5**   Job Offers For Medical Assistant Positions;

    **32.6**   Work schedules; and

    **32.7**   Complaints of disability discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

33.    Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree for the two (2) year duration of this Decree.  The reports shall be due thirty (30) days following the respective  six-month period, except the final report which shall be submitted to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire.

34.    **Reporting Requirements:**  Each report shall provide the following information:

    **34.1**    **Reports of Discrimination**

        **34.1.1**    For purposes of this Paragraph 34.1, the term "report of

14

discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination based on disability, including but not limited to, discrimination based on relationship or association with a person with disabilities or who is regarded as disabled, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "ADA" "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. The report will include:

      a.     The name, address, and email address of each person making a complaint of disability discrimination to Defendant or to any federal, state, or local government agency;

      b.     The name, address, and email address of each person identified as a potential witness to the incident of discrimination;

      c.     A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any

resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**34.2      Complaints of Retaliation**

**34.2.1**    For purposes of this Paragraph 34.2, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under the Title I of the Americans with Disabilities Act of 1990, as amended, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.  The report shall include:

a.      The name, address, and email address of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.      The name, address, and email address of each person identified as a potential witness to the incident of retaliation;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.    Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**34.3    Training**

**34.3.1** For each training program required under Paragraphs 26.1 and 26.2 conducted during the reporting period, Defendant shall submit a registry of attendance.

**34.3.2** For each training program required under Paragraphs 26.3, 26.4 and 2.5 completed during the reporting period, Defendant shall provide a certificate of completion.

**34.3.3** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**34.3.4** For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**34.4    Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Section VII, E of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**34.5    Policy Review**: Defendant shall report on the status of the EEO policy review process required under Paragraphs 23-24, above.

**34.6     Individual Relief:** Defendant shall report on the status of the issuance of a Letter of Reference as required by Paragraph 18 above and its compliance with Paragraph 19, above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**35.**     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**36.**     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

**37.**     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**38.**     Absent extension, this Decree shall expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

## X. EEOC AUTHORITY

**39.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority and which do not arise out of the claims asserted in this lawsuit.

## XI. COSTS AND ATTORNEY'S FEES

**40.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII. NOTICE

**41.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Loretta Medina                          S. Charles Archuleta
Senior Trial Attorney                   Keleher & McLeod P.A.
EEOC Albuquerque Area Office            P.O. Box AA
505 Marquette NW, Suite 900             Albuquerque, NM  87103-1626
Albuquerque, NM  87102

## XIII. SIGNATURES

**42.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _____ day of _____, 2016.

                              BY THE COURT:


                              _____
                              United States District Judge

19

## XI. COSTS AND ATTORNEY'S FEES

**40.**     Each party shall be responsible for and shall pay its own costs and attorney's

fees.

## XII. NOTICE

**41.**     Unless otherwise indicated, any notice, report, or communication required under

the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

Loretta Medina                                    S. Charles Archuleta
Senior Trial Attorney                             Keleher & McLeod P.A.
EEOC Albuquerque Area Office                       P.O. Box AA
505 Marquette NW, Suite 900                        Albuquerque, NM 87103-1626
Albuquerque, NM 87102

## XIII. SIGNATURES

**42.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _30_ day of _August_ , 2016.

BY THE COURT:

_____
United States District Judge

19

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____    By: _____
Mary Jo O'Neill                      Representative of New Mexico
Regional Attorney                    Orthopaedic Associates, P.C.

Date: _____7/20/2016_____    Date: ___7/18/16___


APPROVED AS TO FORM:


_____
Loretta Medina
Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette N.W., Suite 900
Albuquerque, NM 87102

Attorney for Plaintiff EEOC


_____
S. Charles Archuleta
Keleher & McLeod, P.A.
P.O. Box AA
Albuquerque, NM 87103-1626

Attorney for Defendant

20

**EXHIBIT A (Letter of Reference)**


[On Company Letterhead]

Re:            Letter of Reference for Employment Application

To Whom It May Concern:

Melissa Yalch Valencia worked for New Mexico Orthopaedic Associates on assignment from
Excel Staffing, from [date] to [date]. Ms. Yalch Valencia held the position of Medical Assistant
during this time period and performed duties including
_____ Ms. Yalch Valencia
performed these duties in a highly competent manner. Ms. Yalch Valencia is considered eligible
for rehire with our company.

Sincerely,

[Human Resources Representative]

21

**EXHIBIT B**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. New Mexico Orthopaedic Associates, P.C., filed in the United States District Court for the District of New Mexico, Civil Action No. 1:15-cv-00557 (D.NM).

Management of New Mexico Orthopaedic Associates, P.C. wishes to emphasize the company's policy and goal of providing equal employment opportunity in all of its operations and in all areas of employment practices. New Mexico Orthopaedic Associates P.C. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to the Americans with Disabilities Act of 1990, as amended (the "ADA"), it is unlawful for an employer to discriminate based upon the disability of an applicant or employee. It is also unlawful under the ADA to discriminate against individuals because of their relationship or association with a person who has a disability or is regarded as having a disability. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

New Mexico Orthopaedic Associates respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, New Mexico Orthopaedic Associates reaffirms its commitment to complying with the strictures of the ADA, in that it is our policy to prohibit all discrimination based on disability.

New Mexico Orthopaedic Associates has agreed in the Consent Decree to provide training regarding the ADA and other anti-discrimination laws for all employees, supervisors and managers so that all employees will be informed of their rights to be free of discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, or genetic information, has the right to contact the EEOC Albuquerque Area Office directly at (505) 248-5202. You may also contact the New Mexico Department of Workforce Solution, Human Rights Bureau at (505) 827-6838.

In compliance with federal law, no official at New Mexico Orthopaedic Associates will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of the Consent Decree, two (2) years.


NEW MEXICO ORTHOPAEDIC ASSOCIATES, P.C.


By:_____            _____
                                                                        Date

22